# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| KIRK BRAGGS | § | |
| | § | CASE NUMBER: |
| | § | |
| V. | § | |
| | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| NATIONAL MANAGEMENT | § | |
| RECOVERY CORPORATION | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### Preliminary Statement

1.      Plaintiff, KIRK BRAGGS, ("Plaintiff") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2.      Defendant, NATIONAL MANAGEMENT RECOVERY CORPORATION, herein after referred to as NMRC, attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation on personal loans.  The obligations ("Debt") required Plaintiff to pay money arising out of trans-actions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.  NMRC can be served by and through their registered agent Corporation Service Company dba CSC Lawyers

Incorporating Service Company, located at 211 E. 7th Street, suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

3.      This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* against Defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1337(a), and 1367.

5.      Venue is proper in the United States District Court for the Southern District because the acts and transactions occurred here, and the Defendant transacts business here.

## DEFINITIONS

6.      As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

## THE PARTIES

7.      The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8.      Defendant, NMRC, is a collection agency, a foreign for profit corporation believed to be based in Florida  and is in the business of collecting consumer debt in the Southern District of Texas.  The principal purpose of NMRC's business is the collection of consumer debts using the mail and telephone.  NMRC regularly attempts to collect consumer debts for others.  NMRC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). NMRC is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

9.      Plaintiff, Kirk Braggs, ("Braggs") is an individual who resides in Harris County, Texas and is a consumer as defined by 15 U.S.C. §1692(a)(3) and the Tex. Finance Code § 392.001(1)

## FACTUAL ALLEGATIONS

10.     On three different occasions Defendant left voicemails on Plaintiff's cell phone.   Those calls were made on or about June 13, 2022, June 16, 2022, and September 7, 2022.   Each phone call was made someone claiming to be named Hailey or Kayla Johnson behalf of NMRC and they all pertained to the collection a debt purported to be owed by Plaintiff to Money Key.

11.     During the June 13, 2022, voicemail Defendant stated that Plaintiff's claim was being filed with Harris County, and once the claim 1140120 was filed with Harris County, and that once it was filed it would become a matter of public record, and that an order would be issued for his location. She went on to say that if she could not reach him, she would contact his employer and speak directly with his supervisor. She went on to say that once the claim was filed that all legal rights would be forfeited.

12.     During the June 16, 2022, voicemail, Ms. Johnson stated that she would move forward with an order of location and that Plaintiff would be located at either his residence or place of employment and that further action would take place.

13.     During the September 7, 2022, voice mail. Ms. Johnson stated that since they had been unable to reach him, they would be moving forward to have him located at his place of employment. This made Plaintiff very apprehensive about this bill collector possibly coming to his place of employment.

14.     Despite Defendant's claims that they had located Plaintiff's possible residences, Defendant never sent any kind of written validation of the alleged debts.

15.     Despite threats to take legal action no case has been filed by Defendant against Plaintiff in any Court in Harris County or anywhere else.

16.     The foregoing acts and omissions of the Defendant were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiffs.

17.     The foregoing acts and omissions of the Defendant were undertaken by them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiffs.

18.     As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

19.     All of Defendant's actions occurred within one year of the date of this Complaint.  Moreover, the actions made by Defendant in his collection attempts are to be interpreted under the "unsophisticated consumer" standard.  (See, Bartlett v. Heibl, 128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Respondeat Superior Liability

20.     The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendant.

21.    The acts by Defendant and his agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

22.    By committing these acts against Plaintiff, these agents of Defendant were motivated to benefit their principal, the Defendant.

23.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by his collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiffs.

## COUNT I
## Violations Of The FDCPA

24.    The Plaintiff repeat, reallege, and incorporate by reference the foregoing paragraphs.  The Defendant's violations of the FDCPA include, but are not limited to the following:

    a.    Misrepresenting the nature or status of the debt by saying a case has been or will be filed with Harris County, which violates 15 U.S.C. § 1692e2(A), e2, e5, and e10 amongst others.

    b.    Misrepresenting that once a case is filed with Harris County plaintiff will lose all legal rights, which violates 15 U.S.C. § 1692b, e2, e5, and e8 amongst others.

    c.    Threatening to contact 3rd parties, namely coming to the location of Plaintiff's employer and supervisor, which violates 15 U.S.C. § 1692d, e, e2, e3, e5, e10, and f, amongst others.

    d.    Failing to give written validation of debt which violates 15 U.S.C. 1692g.

25.    Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to   Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## COUNT II
## Violations of the Texas Debt Collection Act

26.     The Plaintiff repeat, reallege, and incorporate by reference the foregoing

paragraphs.  The Defendant's violations of the TDCA include, but are not limited to the

following:

> a.     Misrepresenting the nature or status of the debt by saying a case has been or will be filed with Harris County, which violates Texas Finance Code §392.304(8).
>
> b.     Misrepresenting that once a case is filed with Harris County plaintiff will lose all legal rights, which violates Texas Finance Code §392.304(8).
>
> c.     Threatening to contact 3rd parties, namely coming to location of Plaintiff's employer and supervisor, which violates Texas Finance Code 392.301(1)(6)a and (8), amongst others.

27.     Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the

TDCA  render it liable to Plaintiff for statutory damages, injunctive relief, declaratory relief,

costs, and   reasonable attorney's fees.

## COUNT III
## Violations of the Texas Deceptive Trades Practices Act

28.     The Plaintiff repeat, reallege, and incorporate by reference the foregoing

paragraphs.  The Defendant's violations of the DTPA include, but are not limited to the

following:

> a.  Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the  TDCA also constitute a deceptive trade practice under Subchapter E, Chapter  17, Business & Commerce Code, ("DTPA") and is actionable under that  subchapter.

29.     Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations

of the  DTPA render it liable to Plaintiff for injunctive relief and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

Plaintiff, Kirk Braggs, prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA, TDCA and the DTPA;

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA;

3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, treble damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;

4. Grant such further relief as deemed just.


Respectfully submitted,


*/s/ James A. Foley*

James A. Foley
CIMENT LAW FIRM, PLLC
1751 River Run Suite 280
Fort Worth, Texas 76107
833-663-3289 X 3006
855-855-9830  Facsimile
James@CimentLawFirm.com
*ATTORNEY FOR PLAINTIFF*

Filed March 29, 2023